UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-10555 |
| | : | CHAPTER 13 |
| SUSAN J. PORRECO, DEBTOR | : | |
| | : | |
|   SUSAN J. PORRECO, Movant | : | DOCUMENT NO. 33 |
|       VS. | : | MOTION TO RECONSIDER ORDER |
|   GARY V. SKIBA, CHAPTER 7 | : | CONVERTING CASE TO CHAPTER 13 |
|   TRUSTEE, Respondent | : | RELATED TO DOCUMENT NOS. |
| | : | 29 AND 27 |
| | : | |
|   GARY V. SKIBA, TRUSTEE, Movant | : | DOCUMENT NO. 18 |
|       VS. | : | MOTION FOR APPROVAL OF |
|   SUSAN J. PORRECO, Respondent | : | SETTLEMENT AGREEMENT |

APPEARANCES:

DONALD R. CALAIARO, ESQ., PITTSBURGH, PA, ATTORNEY FOR SUSAN J. PORRECO
GARY V. SKIBA, ESQ., ERIE, PA, CHAPTER 7 TRUSTEE AND ATTORNEY PRO SE
GUY C. FUSTINE, ESQ., ERIE, PA, ATTORNEY FOR LOUIS J. PORRECO

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

NOVEMBER     16     , 2005

OPINION

Factual Background

Susan J. Porreco ("Debtor" or "Mrs. Porreco") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on February 25, 2005. Gary V. Skiba, Esq. ("Trustee") was appointed as Trustee in the Chapter 7 case. Debtor lists total unsecured debt of $106,400 which includes creditor, Louis J. Porreco ("Mr. Porreco"), shown as a disputed creditor holding an unsecured, nonpriority claim in the amount of $1 on Schedule F. Debtor also attaches an "Exhibit to Creditor Louis J. Porreco on Schedule F." The Exhibit states that:

1

Debtor has been involved in a long-standing divorce proceeding in Erie County, Pennsylvania involving very substantial equitable distribution claims. The matter is currently on remand from the Pennsylvania Supreme Court. During the course of the divorce proceeding, the Debtor has incurred credit card debt which was used to provide ordinary living expenses.

Debtor lists current income on Schedule I as $0 and current expenses on Schedule J as $3,723. On the Statement of Financial Affairs, Debtor refers to a lawsuit as "Susan Porreco vs." pending in the Erie County Court of Common Pleas (the "State Court").

The Trustee reports that the meeting of creditors was held as required by 11 U.S.C. §341(a)[1] on April 6, 2005 and that the Trustee is "[l]ooking into a divorce action."

On June 6, 2005, Mr. Porreco filed a Complaint to Determine Dischargeability Under 11 U.S.C. Section 523(a)(15) which is separately pending at Adversary Proceeding No. 05-1124. Mr. Porreco asserts a potential unsecured claim for reimbursement of alimony paid, in the event that he is successful in the pending divorce action in State Court.

Also on June 6, 2005, the United States Trustee ("UST") filed a Motion to Extend Time to File Motion to Dismiss Pursuant to 11 U.S.C. §707(b). The UST asserts that for a period of time Debtor had received alimony of $17,000 per month, and that until the issues of alimony and equitable distribution are resolved by the State Court, the UST is unable to determine whether Debtor has the ability to make payments to her creditors. With the consent of the Debtor, an Order was entered which granted the UST until 30 days after notification that Debtor's alimony and equitable distribution issues have been resolved to file a motion to dismiss the bankruptcy case pursuant to 11 U.S.C. §707(b).

---

[1]All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

The Trustee filed the within MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT ("Settlement Motion") on July 14, 2005. The Trustee proposes to settle the Debtor's pending divorce proceeding, including all of the Debtor's alimony and equitable distribution claims in exchange for Mr. Porreco's payment of $95,000 to the bankruptcy estate and his agreement to waive any claim against the bankruptcy estate,

On August 8, 2005, Debtor filed a response in opposition to the Settlement Motion ("Response") and a separate Motion to Convert Case to Chapter 13. Debtor asserts that the settlement is not fair and equitable; that Mrs. Porreco has a claim against Mr. Porreco for equitable distribution in which there is a possible recovery in the millions of dollars; that Debtor's domestic relations lawyer has agreed to continue to prosecute the equitable distribution claim at no additional cost to the Debtor until such time as the matter is resolved; that assuming the equitable distribution matter is resolved in favor of the Debtor, Mr. Porreco will not have a claim in the Debtor's bankruptcy case; that it should be against public policy for the Bankruptcy Court to allow a Chapter 7 Trustee to end an equitable distribution claim without the consent of a debtor, a former spouse; that the Trustee does not have a reasonable basis to settle the claim at the proposed amount; and that Debtor, under her Chapter 13 case, will pay unsecured creditors a dividend of $100,000 over five years and the balance of their claims if the Debtor is successful in her equitable distribution claims against Mr. Porreco.

On August 8, 2005, an Order was entered which granted Debtor's Motion to Convert the Case to Chapter 13. The present Motion to Reconsider the Order of conversion was filed by the Trustee on August 10.

Debtor filed a Chapter 13 Plan dated August 24, 2005 which requires Debtor to make 60

3

monthly payments of $1,860 to the Chapter 13 Trustee. Debtor has filed an Amended Schedule I which indicates monthly income of $3,682 and an Amended Schedule J which indicates monthly expenses of $1,263. Debtor estimates that unsecured creditors will be paid 100% of their claims under the Plan. Debtor has remitted regular plan payments to the Chapter 13 Trustee. Payments of $1,860 each have been posted by the Chapter 13 Trustee on September 1, September 16 and October 14.

The parties have filed briefs in support of their respective positions. Argument was held on September 20, 2005, at which time Mr. Porreco increased his cash settlement offer to an amount sufficient to pay 100% of the claims against the Debtor's bankruptcy estate plus $15,000 for administrative costs.

## Issue

The key issue is whether the Debtor should be able to convert the case to a proceeding under Chapter 13 to regain control of the equitable distribution litigation and continue to prosecute it in State Court, or whether the Chapter 7 Trustee should be allowed to proceed with the proposed settlement.

## Discussion

Section 706 of the Bankruptcy Code provides in pertinent part:

§706. Conversion
(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. §706(a).

The parties dispute whether §706(a) provides the Debtor with an absolute right to convert to a case under Chapter 13, and if not, whether the set of circumstances as present in this case prevent or condition the sought conversion.

There is a split among the courts as to whether a debtor has an unfettered, absolute right to convert or whether the right to convert can be denied in appropriate circumstances. Some courts hold that a debtor has an absolute right to convert. See e.g., In re Pequeno, 126 Fed. Appx. 158 (5th Cir. 2005) citing In re Martin, 880 F2d 857 (5th Cir. 1989); In re Croston, 313 BR 447 (9th Cir. BAP 2004); In re Miller, 303 BR 471 (10th Cir. BAP 2003).

Other courts hold that the right to convert is not absolute and can be denied upon a showing of bad faith or where conversion is sought for an illegitimate purpose. See e.g.. In re Copper __F3d__, 2005 WL 2648960 (6th Cir. Oct. 18, 2005), aff'g. 314 BR 628 (6th Cir. BAP 2004); In re Marrama, 313 BR 525 (1st Cir. BAP 2004); In re Kuhn, 322 BR 377 (Bankr. ND IN 2005); In re Manouchehri, 320 BR 880 (Bankr. ND OH 2004); In re Straugh, 41 BR 757 (Bankr. WD PA 1984).

Our view is consistent with that expressed in In re Kuhn, 322 BR at 398:

> The Court thus adopts a test that would preclude or condition a debtor's right to convert from a Chapter 7 case to a Chapter 13 case under 11 U.S.C. § 706(a) only under extraordinary circumstances in which conversion is sought in bad faith, or in which the totality of circumstances on the date of filing the motion for conversion give rise to significant potential prejudice to creditors regardless of any consideration of bad faith.

Id.

The above test is also consistent with the rationale set forth in In re Pakuris, 262 BR 330 (ED PA 2001) and adopted by the United States District Court for the Western District of

Pennsylvania in the case of <u>Hendrickson v. Walsh</u>, Civ. Action No. 02-797, Bankr. No. 00-30036/BM (WD PA, Sept. 30, 2002) (unpublished opinion):

"Debtors do not cite to any cases setting forth how to analyze a case to determine if the debtors of a Chapter 7 proceeding qualify as debtors in Chapter 13 proceeding.  <u>See</u>, Debtors' Brief, pp. 14-15.  The Third Circuit has not addressed this issue as of the date of this Opinion and Order.  Nevertheless, I am persuaded by the rationale set forth in <u>In re Pakuris</u>, 262 B.R. 330 (E.D. Pa. 2001).  Therein, the bankruptcy court concluded:

> [A] debtor's so-called "absolute" right of conversion under §706(a) must be read in conjunction with (and tempered by) Code Section 706(d) and 1307(c).  In deciding a contested motion to convert under §706(a), this Court will consider the totality of the circumstances by reviewing the factors set forth in <u>[In re] Lilley, [Jr.</u>, 91 F.3d 491 (3d Cir. 1996) (holding that chapter 13 petitions must be filed in good faith)] and <u>[In re] Tardiff</u>, (145 B.R. 357 (D. Me. 1992)(setting forth factors when analyzing a conversion motion under §706(a)], including the following:
>
>> (I) whether the debtor is seeking to convert to chapter 13 in good faith (including a review of facts such as the timing of the motion to convert; the debtor's motive in filing the motion; and whether the debtor has been forthcoming with the bankruptcy court and creditor);
>>
>> (ii) whether the debtor can propose a confirmable chapter 13 plan;
>>
>> (iii) the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion;
>>
>> (iv) the effect of conversion on the efficient administration of the bankruptcy estate; and
>>
>> (v) whether conversion would further an abuse of the bankruptcy process.

<u>In re Pakuris</u>, 262 B.R. at 335-56.  I believe the test set forth above is an appropriate means of determining whether Debtors herein qualify as debtors in a Chapter 13 proceeding and will apply it to the case <u>sub judice</u>."  <u>Hendrickson v. Walsh</u>, Civ. Action No. 02-797, Bankr. No. 00-

30036/BM (WD PA, Sept. 30, 2002) (unpublished opinion).

Id.

In this case, Debtor adequately disclosed the pending equitable distribution claim as well as Mr. Porreco's disputed claim against the estate. Debtor was completely forthcoming and cooperated with the Trustee in the investigation of the claim. Several facts explain the Debtor's motives for seeking conversion. Debtor consented to the UST's Motion for an extension of time to bring an action under §706(b). Debtor realizes, as the UST asserts, that if Debtor is successful in the equitable distribution proceeding, she will be able to repay her creditors. Further, Debtor believes that her equitable distribution claim may be worth $1,000,000 or more and therefore finds it inappropriate that the Trustee would settle the claim for a payment in the approximate amount of $100,000. Debtor's domestic relations attorney has agreed to continue prosecution of the equitable distribution claim on a contingency basis. Therefore, Debtor will be able to prosecute the claim without further out of pocket payment for attorneys' fees.

Debtor has also obtained employment which provides a source of funding for a Chapter 13 Plan which Debtor previously was unable to do. Debtor has filed a Chapter 13 Plan in which the Debtor estimates that a 100% dividend will be paid to unsecured creditors. Debtor contemplates funding this Plan from her income while she continues to prosecute the equitable distribution claim. Debtor has timely made three full payments under the Plan which gives the Court some comfort of her sincerity and ability to comply with the terms of the Plan.

The impact of denying conversion in this case and approval of the settlement proposed by the Trustee would be to cut off Debtor's right to pursue a claim she believes to have a value of over $1,000,000. The downside for creditors is the delay in receipt of payment, the risk of

nonpayment by the Debtor, and the possibility of a claim by Mr. Porreco being added to the pool should he be successful in the equitable distribution litigation.  We believe that even with those risks, the upside potential weighs in favor of the Debtor.

The Trustee has acted diligently in the administration of the Chapter 7 estate and a conversion to Chapter 13 must be accompanied by a requirement that the Debtor compensate the Trustee for the fair value of the work that the Trustee has performed.

We can find no improper purpose or any abuse of the bankruptcy process by the Debtor in seeking a conversion to Chapter 13.  The Trustee's Motion to Reconsider Order Converting Case to Chapter 13 and the Trustee's Motion for Approval of Settlement Agreement will be refused.  An appropriate Order will be entered.

_____/s/_____
Warren W. Bentz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-10555 |
| | : | CHAPTER 13 |
| SUSAN J. PORRECO, DEBTOR | : | |
| | : | |
| SUSAN J. PORRECO, Movant | : | DOCUMENT NO. 33 |
| VS. | : | MOTION TO RECONSIDER ORDER |
| GARY V. SKIBA, CHAPTER 7 | : | CONVERTING CASE TO CHAPTER 13 |
| TRUSTEE, Respondent | : | RELATED TO DOCUMENT NOS. |
| | : | 29 AND 27 |
| | : | |
| GARY V. SKIBA, TRUSTEE, Movant | : | DOCUMENT NO. 18 |
| VS. | : | MOTION FOR APPROVAL OF |
| SUSAN J. PORRECO, Respondent | : | SETTLEMENT AGREEMENT |

## ORDER

This __16__ day of November, 2005, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED as follows:

1. The Motion to Reconsider Order Converting Case to Chapter 13 filed by Gary V. Skiba, Trustee, is REFUSED.

2. The Motion for Approval of Settlement Agreement filed by Gary V. Skiba, Trustee, is REFUSED.

3. Gary V. Skiba, Esq. shall file an Application for the allowance of fees and expenses that have been incurred in this case, and Debtor shall provide for payment of such fees and expenses that are approved by the Court.

                                                    _____/s/_____
                                                    Warren W. Bentz
                                                    United States Bankruptcy Judge

c: Donald R. Calaiaro, Esq.
   Gary V. Skiba, Esq.
   Guy C. Fustine, Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-10555 |
| | : | CHAPTER 13 |
| SUSAN J. PORRECO, DEBTOR | : | |
| | : | |
| LOUIS J. PORRECO, Plaintiff | : | ADVERSARY NO. 05-1124 |
| VS. | : | |
| SUSAN J. PORRECO, Defendant | : | |

## ORDER

This __16__ day of November, 2005, it shall be, and hereby is, ORDERED that further action on the within Complaint to Determine Dischargeability Under 11 U.S.C. §523(a)(15) is deferred pending a final conclusion of the divorce and equitable distribution proceeding in State Court. It is FURTHER ORDERED that the parties shall notify the Court when the matters pending in State Court are concluded by a final Order.

_____/s/_____
Warren W. Bentz
United States Bankruptcy Judge

c: Donald R. Calaiaro, Esq.
Gary V. Skiba, Esq.
Guy C. Fustine, Esq.